This is an appeal from an involuntary commitment order rendered on November 7, 1989, by the Probate Court of Jefferson County against Margaret Elizabeth Lee.
Mary Ann Street, Lee's sister, filed a petition for the involuntary commitment of Lee while she was hospitalized in the psychiatric unit of St. Vincent's Hospital. A guardian ad litem was appointed for Lee, and she was represented by private counsel as well.
Following a hearing, the probate court determined that:
 "[Lee] is mentally ill and poses a real and present threat of substantial harm to herself and to others; the said danger to herself and others has been evidenced by recent overt acts; there is care and treatment available for the illness diagnosed; confinement in a hospital is necessary for said individual's safety and well-being and for the family's and community's welfare; and that commitment is the least restrictive alternative necessary and available for the treatment of her illness."
The dispositive issue on appeal is whether the evidence was sufficient to meet the statutory requirements of § 22-52-10, Code 1975.
Section 22-52-10(a), sets out the elements which must be established by clear, unequivocal, and convincing evidence before a person may be involuntarily committed to the State Department of Mental Health.
"§ 22-52-10. . . .
 "(a) If at the final hearing upon a petition seeking to commit a person to the custody of the state department of mental health or such other public facility as the court may order, the probate judge, on the basis of clear, unequivocal and convincing evidence, shall find:
 "(1) That the person sought to be committed is mentally ill; and
 "(2) That as a consequence of the mental illness the person poses a real and present threat of substantial harm to himself or others; and
 "(3) That the threat of substantial harm has been evidenced by a recent overt act; and
 "(4) That treatment is available for the person's mental illness or that confinement is necessary to prevent the person from causing substantial harm to himself or to others; and
 "(5) That commitment is the least restrictive alternative necessary and available for treatment of the person's mental illness. . . .
 "(b) If any such element be unproved, the judge shall deny the petition and discharge the subject of the petition sine die." (Emphasis added.)
Lee argues on appeal that the evidence presented did not support the probate court's findings of elements (2) and (3) enumerated above. We agree.
The evidence presented revealed that Lee is 45 years old, divorced, and the mother of three children. Her former husband has legal custody of her children, with the two sons away in college and her daughter in high school in Birmingham. Lee's income consists of $400 per month alimony with occasional income from a part-time job. Lee testified to a number of recent stressful events in her life, including the deaths of her father, her grandfather, and a cousin with whom she shared a close relationship.
Dr. Law Lamar Ager testified that Lee suffered from a mental illness diagnosed as a "paranoid psychosis" and that confinement was necessary for her safety because she had no "place to go." Also, he said that in addition to depression and paranoia, Lee develops, through somatization, a respiratory problem similar to asthma. Dr. Ager had never been informed of any attempt *Page 1086 
by Lee to do bodily harm to herself or anyone else.
Mrs. Street testified that Lee would spend long periods of time in bed, that she did not eat properly, that she had bad driving habits, that she had left the stove burner on under a kettle with little water in it, and that she had slept one night in a church. Mrs. Street did not know of any overt acts committed by Lee that posed an immediate threat to herself or anyone else other than her cooking, driving, and being out at night alone.
Reverend Henry McDade testified that some of Lee's belongings were being kept at the parish hall and that, on one occasion, he had told her that she was welcome to spend the night at the church, which she did.
The burden of proof upon a petition for involuntary commitment is a heavy one and is considered to be higher than has been required for constitutional due process purposes. See,Matter of Cartee, 410 So.2d 905 (Ala.Civ.App. 1982).
When the evidence does not support the "present threat of substantial harm" or "recent overt act" elements of §22-52-10(a), the petition for involuntary commitment is due to be denied. Riley v. State, 550 So.2d 1037 (Ala.Civ.App. 1989). We find the evidence insufficient to meet the "clear, unequivocal and convincing" standard as to these two elements, and this case is due to be reversed.
REVERSED AND REMANDED.
INGRAM, P.J., and RUSSELL, J., concur.